UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLES CHRISTOPHER ROUNDTREE,

v.　　　　　　　　　　　Case No. 3:06-cr-343-J-33TEM
　　　　　　　　　　　　　　　　3:09-cv-301-J-33TEM

UNITED STATES OF AMERICA.

_____

**O R D E R**

This cause is before the Court on Defendant Charles Christopher Roundtree's timely-filed 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-71). The government filed a response to the motion to vacate (Doc. cv-5) and Roundtree filed a memorandum of facts and law in support of his motion to vacate (Doc. cv-6) and a reply to the government's response. (Doc. cv-7).

A review of the record demonstrates that, for the following reasons, the motion to vacate must be **denied.**

**PROCEDURAL HISTORY**

On October 18, 2006, Roundtree was charged by federal Indictment for possession of a firearm by a convicted felon under the Armed Career Criminal Act, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. cr-1). The Indictment listed the qualifying prior convictions as follows:

> 1) Sale or Delivery of Cocaine, in Case Number 1989-11689-CF, in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, on or about September 21, 1989.

2) Count One, Possession of Cocaine, Count Two, Resisting an Officer With Violence, in Case Number 1992-2770-CF, in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, on or about March 18, 1992.

3) Dealing in Stolen Property, in Case Number 1996-12929-CF, in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, on or about August 18, 1997.

4) Robbery, in Case Number 2004-3145-CF, in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, on or about June 18, 2004.

5) Uttering Forged Instrument, in Case Number 2005-3605-CF, in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, on or about April 12, 2005.

On February 22, 2007, Roundtree entered a plea of guilty to the Indictment without the benefit of a written plea agreement. (Doc. cr-49). On May 24, 2007, Roundtree was sentenced to the statutory minimum sentence of 180 months imprisonment. (Doc. cr-57). On June 6, 2007, Roundtree filed a timely notice of appeal. (Doc. cr-58). On appeal, Roundtree challenged his classification as an armed career criminal because his prior convictions were neither admitted by him nor proven beyond a reasonable doubt. On November 27, 2007, Roundtree's sentence was affirmed in an unpublished *per curiam* opinion. (Doc. cr-70). The United States Supreme Court's online docket reveals that Roundtree's petition for writ of certiorari to the United States Supreme Court was denied on April 21, 2008.

On April 2, 2009, Roundtree filed the pending, timely 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct and allegedly illegal Sentence raising two grounds of ineffective assistance of counsel.

## DISCUSSION

Title 28, United States Code, Section 2255, allows attack on a conviction and

sentence on only four grounds: (1) it was imposed in violation of the Constitution or laws of the United States; (2) it was imposed without jurisdiction; (3) it was imposed in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. Only jurisdictional claims, constitutional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice warrant relief on collateral attack. *E.g., United States v. Addonizio*, 442 U.S. 178, 184-86 (1979).

Roundtree seeks review of his conviction, claiming that he was denied his Sixth Amendment right to effective assistance of counsel. Ineffective assistance of counsel claims are generally reviewable only on collateral attack, pursuant to 28 U.S.C. § 2255. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Claims of ineffective assistance excuse failure to raise other claims if ineffective assistance of counsel is the cause for the failure to raise the claim. *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989).

Standard for Ineffective Assistance of Counsel

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To prevail on a claim of ineffective assistance of counsel, a defendant must meet the "cause" and "prejudice" requirements established by *Strickland v. Washington*, 466 U.S. 668 (1984). That is, Roundtree must show (1) that his counsel's representation was deficient, and (2) that this deficient representation prejudiced Roundtree. *Strickland v. Washington*, 466 U.S. at 687; see also *Baxter v. Thomas*, 45 F.3d 1501, 1512 (11th Cir. 1995). A court need not address both components of the inquiry if Roundtree makes an insufficient showing on one component. *Id.; see also Weeks v. Jones*, 26 F.3d at 1037.

In determining whether the first portion of the test has been met, the proper standard

3

is "reasonably effective assistance[,]" or "whether counsel's representation fell below an objective standard of reasonableness." *Weeks v. Jones*, 26 F.3d 1030, 1036 (11th Cir. 1994). Application of this standard requires that judicial scrutiny of counsel's performance be highly deferential; a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

Even if the Court were to find some deficiency in the performance of counsel, a defendant is not entitled to relief on ineffective assistance grounds unless the second prong of the *Strickland* test is met. *United States v. Hilliard*, 752 F.2d 578, 580 (11th Cir. 1985). Under the second prong, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* When a defendant fails to make a sufficient showing of prejudice, this Court need not even address the adequacy of counsel's performance. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

Finally, every effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Weeks v. Jones*, 26 F.3d at 1036; *Diaz v. United States*, 930 F.2d 832 (11th Cir. 1991). A court must examine the "totality of the circumstances" in determining whether the counsel a defendant received was constitutionally sufficient and effective. *McCoy v. Newsome*, 953 F.2d 1252, 1263 (11th Cir. 1992).

Specific Claims of Ineffective Assistance

Roundtree claims that his counsel was ineffective when counsel failed to argue that Roundtree did not qualify as an armed career criminal pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e).[1] Roundtree insists that resisting an officer with violence in Florida is not technically a "violent felony" under the ACCA, and that counsel should have objected to the inclusion of this particular conviction as a proper predicate felony for application of the ACCA enhancement on this basis. He also claims that counsel was ineffective when he failed to raise the argument that the term "violence" as "used in Section 843.01, Florida Statutes does not constitute 'physical force' under 18 U.S.C. § 924(e) because § 924(e)'s 'physical force' requires, de minimis, that the force is the sort that is intended to cause bodily injury, or at a minimum likely to do so." Roundtree's claims have no merit.

The Indictment in this case lists three prior convictions that qualify as "crimes of violence" or "drug trafficking crimes" for purposes of applying the ACCA enhancement, listed in the Indictment at ¶ ¶ 1, 2 and 4. Roundtree entered his guilty plea knowing that this enhancement was charged in the Indictment and would apply to him, and acknowledged that he understood that he would be sentenced to "between 15 years and life. . .". (Doc. cr-66 at 9, 15). In fact, responding to a question from the Court, Roundtree stated that his attorney estimated that he would be sentenced to approximately fifteen years imprisonment.(Doc. cr-66 at 22-23). Nevertheless, the record illustrates that Roundtree initially intended to challenge his ACCA classification. (See Doc. cr-66 at 9) (counsel

---

[1] The ACCA mandates an enhanced sentence, to include a minimum mandatory fifteen years, for offenders who have three or more prior felony convictions for a crime of violence or drug trafficking offense.

acknowledges "by the plea today we will admit that he has a prior felony conviction, but not that those convictions meet the definition of a predicate offense, and leave that determination to the sentencing judge . . ."); (Doc. cr-66 at 20-21) (counsel advises Court that defendant will challenge whether prior convictions "meet the legal definition for either serious drug offenses or violent felonies under the Armed Career Criminal Act.").

Despite the apparent intention at the change of plea hearing to challenge the sentence enhancement, no such objection was made at sentencing. Counsel assured the Court that he had traveled to the jail to discuss factual matters and the Presentence Investigation Report (PSR) with Roundtree. (Doc. cr-67 at 4). Given the opportunity to address the Court, and obviously aware of his previous intentions, Roundtree did not object to the enhancement. Doc. cr-67 at 10). Thus, it appears from the record that Roundtree understood from his discussions with counsel that his prior convictions qualified as proper predicate convictions for the statutory enhancement.

Roundtree now insists that counsel should have argued that resisting arrest with violence is not a qualifying predicate offense for application of the ACCA enhancement. However, the case law strongly suggests that any objection to the qualification of this conviction would have been overruled. *See United States v. Jackson,* 2009 WL 4282829 (11th Cir., Dec. 2, 2009) in which the Court states:

> First, we are unpersuaded by Jackson's argument that "resisting an officer with violence," as defined by the Florida statute under which he was convicted, and as interpreted by the Florida Supreme Court, does not qualify as a violent felony within the meaning of the ACCA. The ACCA mandates a minimum term of 15 years' imprisonment for anyone who is convicted of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g), and who has three previous convictions for a violent felony and/or a serious drug offense. It defines a violent felony, in relevant part, as:

[A]ny crime punishable by imprisonment for a term exceeding one year ... that-

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

18 U.S.C. § 924(e)(2)(B).

We use a "categorical" approach when determining whether a prior conviction is a qualifying offense for ACCA enhancement purposes. *United States v. Llanos-Agostadero*, 486 F.3d 1194, 1196-97 (11th Cir.2007). That is, we will "look no further than the fact of conviction and the statutory definition of the prior offense" to determine whether a conviction fits the ACCA's definition of a violent felony. *Id.* "In determining whether a crime is a violent felony ... we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *United States v. Harrison*, 558 F.3d 1280, 1285 (11th Cir.2009) (quotation and brackets omitted). The issue of whether the federal ACCA applies to a state-law-defined crime is a question for federal courts, and state court rulings on the issue are not binding. United States v. Johnson, 528 F.3d 1318, 1321 (11th Cir.2008), cert. granted, 129 S.Ct. 1315 (U.S. Feb. 23, 2009).

Florida law provides that resisting an officer with violence is a felony: "Whoever knowingly and willfully resists, obstructs, or opposes any officer ... in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree...." Fla. Stat. § 843.01. In *Frey v. State*, 708 So.2d 918, 920 (Fla.1998), the Florida Supreme Court held that resisting an officer with violence does not require a heightened or particularized intent, "only a general intent to 'knowingly and willfully' impede an officer in the performance of his or her duties."

The Florida statute defines resisting an officer with violence as "knowingly and willfully" resisting an officer by "offering or doing violence to the person of such officer...." Fla. Stat. § 843.01. Nothing in *Frey* contradicts the statute's plain language, which involves the "use, attempted use, or threatened use of physical force against the person of another," as defined to be a predicate violent felony offense under the ACCA. 18 U.S.C. § 924(e)(2)(B).FN1 Under our categorical analysis, Jackson's conviction of resisting an officer with violence therefore qualifies as a "violent felony" within

the meaning of the ACCA, and we need not turn to a specific factual inquiry. *See Llanos-Agostadero*, 486 F.3d at 1196-97.FN2 The district court did not err when it concluded that Jackson's criminal history warranted a corresponding sentence enhancement.

>FN1. Jackson's claim that, because the Florida Supreme Court has deemed it a "general intent" crime, *Frey*, 708 So.2d at 920, resisting an officer with violence is not a violent felony within the meaning of the ACCA is unpersuasive. Although the United States Supreme Court analyzed a similar statute and found that "use of force" or a threat to use force requires a "higher degree of intent than negligent or merely accidental conduct," the Court did not cast its decision in terms of "specific" and/or "general" intent. *See Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004). Thus, whether or not *Frey* deemed the crime to be one of "general intent" is irrelevant to the violent felony inquiry.

>FN2. Likewise, Jackson's reliance on *State v. Green*, 400 So.2d 1322 (Fla.Dist.Ct.App.1981), is misplaced. In *Green,* an intermediate Florida state court held that a defendant who "wiggled and struggled" to free himself from handcuffs was not entitled to dismissal of a charge of resisting an officer with violence. *Id.* at 1323. The court reasoned that the ambiguous description of the defendant's actions "prevent[ed] a determination by the trial court that [the defendant]'s conduct was or was not, as a matter of law, with violence." *Id*. The issue before us however, does not involve an analysis of Jackson's specific conduct. *See Harrison*, 558 F.3d at 1284. Instead, we only examine "how the law defines the offense," and not "how an individual offender might have committed it on a particular occasion." *Id.* at 1285 (quotation omitted).

We also reject Jackson's alternative argument that, because he used minimal force, his crime does not qualify as a violent felony. We have held that a prior conviction involving only a minimal amount of force can still constitute a violent felony. *See, e.g., Johnson*, 528 F.3d at 1321-22 (holding that a Florida conviction for battery was a violent felony, which may be committed by "intentional touching"); *United States v. Young*, 527 F.3d 1274, 1278 (11th Cir.2008) (holding that battery of a child involving bodily fluids was a violent felony within the meaning of the ACCA). Indeed, Jackson acknowledges our prior holdings. Although the Supreme Court has granted certiorari in *Johnson,* 129 S.Ct. 1315 (U.S. Feb. 23, 2009), pending a decision, it remains the law of this circuit.

We likewise find no merit in Jackson's claim that the application of 18

> U.S.C. § 924(e) is unconstitutional. In *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), the Supreme Court held that the factual issue of whether a defendant has been convicted of an "aggravated felony" for sentencing-enhancement purposes is not a constitutional "element of the offense," and it is not required to be alleged in the indictment. We are bound by that decision, and we have rejected the argument that *Almendarez-Torres* is undermined by the Supreme Court's later holding in *Apprendi. United States v. Greer*, 440 F.3d 1267, 1273-74 (11th Cir.2006).

*Jackson,* 2009 WL 4282829 at *1-3; *see also United States v. Venta*, 255 Fed. Appx. 469 (11th Cir. 2007) (*per curiam*) (rejecting defendant's argument that he was actually convicted of resisting arrest without violence, based on the unambiguous judgment stating he resisted arrest *with* violence, a third-degree felony in the State of Florida).

The law is clear that, in determining whether a particular offense falls within the definition of a "violent felony," a sentencing court should consider only the offense of conviction and the statutory definition for that offense. *United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002) (quoting *Taylor v. United States*, 495 U.S. 575, 600, 110 S. Ct. 2143, 2159 (1990)). In this case, the prior conviction, *on its face*, unambiguously includes violence. No further inquiry is necessary. Roundtree has failed to establish (1) that counsel's performance fell below an objective standard of reasonableness for failing to object, or (2) that but for counsel's failure to make this objection, the outcome would have been different. Roundtree has not established that this Sixth Amendment right to effective assistance of counsel was violated.

Accordingly, the Court orders:

That Roundtree's motion to vacate (Doc. cv-1; cr-71) is denied. The Clerk is directed to enter judgment against Roundtree in the civil case and to close that case.

### CERTIFICATE OF APPEALABILITY AND

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 29, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

AUSA: Frank Merrill Talbot, II
Charles Christopher Roundtree